BOARD OF COM'S OF GREER COUNTY v. TITTLE *et al.*

No. 2943.    Opinion Filed January 9, 1912.

(121 Pac. 1084.)

**SHERIFFS AND CONSTABLES**—Fees in Misdemeanors—Statutory Provisions. Prior to the time that the fee and salary act of March 19, 1910 (Sess. Laws 1910, pp. 129, 143), became effective, sheriffs and their deputies were entitled to fees in misdemeanor cases, one-half of which was to be paid by the county.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action of S. H. Tittle and others against the Board of Commissioners of Greer County. Judgment for plaintiffs, and defendant brings error. Affirmed.

*H. D. Henry,* for plaintiff in error.

*Tisinger, Clay & Robinson,* for defendants in error.

WILLIAMS, J.  The questions involved in this proceeding are:  (1) Is the county liable for sheriff's fees in misdemeanor cases; and (2) had the board of county commissioners authority to cause such fees to be paid out of the county funds?  In the court below, these questions were answered in the affirmative. The Legislature of 1897 passed a fee and salary act (Sess. Laws 1897, c. 15, pp. 160, 181; section 3418, Comp. Laws 1909), section 4 of which provides that the sheriff shall receive certain fees for serving process, etc., without any express exclusion as to misdemeanor cases.  Section 49 of said act provides that:

"In all cases where the fees prescribed by this act in criminal cases, except misdemeanors, for the constable and justices of the peace are not paid by the defendant or prosecuting witness, one-half of the amount of the fee allowed by law shall be paid by the county; provided, that in no case shall the county pay any fees to any of the above named officers for services rendered in any case where the offense charged is less than a felony; and pro-

vided further, that no such fees shall be allowed by the board of county commissioners until the sheriff, constable or justice of the peace shall have filed his affidavit that said fees cannot be collected from any other source; provided further, that the total amount of the fees paid by the county to any justice of the peace or constable shall not exceed fifty dollars per quarter."

The Legislature of 1905 amended said section 4 (chapter 19, art. 2, sec. 1, p. 258, Sess. Laws 1905; section 3369, Comp. Laws 1909), but without any express provision excluding misdemeanor cases in fees to be allowed sheriffs.

Section 45, art. 1, c. 41, Sess. Laws 1895 (section 5845, Wilson's Rev. & Ann. St. 1903; section 7177, Comp. Laws 1909), provides:

"In all misdemeanor cases before a warrant shall issue for the arrest of the defendant the complaint must be submitted to the county attorney, or drawn by him and indorsed as follows: 'I have examined the facts in this case and recommend that a warrant do issue,' and then filed with the court. If the action be brought without such indorsement the complaining witness must file with the court a bond to be approved by the court in a sum not less than fifty dollars, conditioned to pay all costs, and the county shall in no event be liable for any costs incurred in that action, unless the complaint be first so indorsed by the county attorney."

Prior to the time the fee and salary act of March 19, 1910 (Sess. Laws 1910, c. 69, pp. 129, 143), became effective, the foregoing sections were in force in this state by virtue of section 2 of the Schedule to the Constitution.

The result of this proceeding depends upon the construction of section 49, *supra* (section 3418, Comp. Laws 1909). If the proviso to the effect that "in no case shall the county pay any fees to any of the above named officers for services rendered in any case where the offense charged is less than a felony" merely limits said section 49, and not the entire act, then the judgment of the lower court must be affirmed.

The general rule of statutory construction applicable to provisos, is, that a proviso is intended to restrict or qualify that part or clause of the section immediately preceding, to which it is attached. *Jefferson v. Winkler,* 26 Okla. 653, 110 Pac. 755;

2 Lewis, Sutherland, Statutory Construction (2d Ed.) vol. 1, sec. 352. An exception to this rule is that, where it appears from the act that it was plainly intended that such proviso should limit, qualify, or define other sections or provisions of the act than that of wihch it forms a part, then the court should further extend construction; but not otherwise. There is nothing in said section 49 to indicate that the Legislature intended said proviso to extend to the entire act. Therefore, the presumption that it was intended only to apply to said section must be adopted. The result is that the sheriffs and deputy sheriffs were entitled to fees in misdemeanor cases, one-half of which is to be paid by the county.

The judgment of the lower court will be so modified and affirmed.

All the Justices concur.